*243
 
 MADELINE JASMINE, Judge Pro Tempore.
 

 12Plaintiff Byblos, Inc. appeals the trial court’s judgment granting an Exception of No Right of Action filed by defendant Lloyds of London. For the following reasons, we affirm the judgment sustaining the Exception of No Right of Action, but find that Byblos, Inc. should have been allowed to amend its pleadings as per LSA-C.C.P. art. 934. Accordingly, the judgment is affirmed, as amended, and the matter remanded for further proceedings.
 

 Plaintiffs Byblos, Inc. d/b/a Byblos Restaurant, 3218 Magazine, L.L.C. d/b/a Byblos Restaurant, and Mediterranean Fresh, L.L.C. d/b/a Byblos at Lakeside Mall filed suit against defendants Lloyds of London and Galland General Agency, Inc. on February 16, 2007. This is a first party claim by plaintiffs-insureds against the defendants Lloyds of London, for losses suffered as a result of Hurricane Katrina against a Commercial Property, Better-ments
 
 &
 
 Improvements, Contents and Business Income Policy GGACF 2095.
 

 |3On September 7, 2007, defendants filed Exceptions and Answer to Petition for Damages, arguing that plaintiff Byblos, Inc. had no right of action against defendants because Byblos, Inc. did not appear on the policy endorsement as a named insured.
 
 [1]
 
 The Exception was heard on January 15, 2008, at which time the exception was granted. Judgment was signed and rendered on February 14, 2008, and Byblos, Inc. took this appeal.
 

 As the court recently stated in
 
 Hope v. S & J Diving, Inc.,
 
 08-0282 (La.App. 4 Cir. 9/24/08), 996 So.2d 50:
 

 This court reviews an appeal of an exception of no right of action de novo.
 
 Hornot v. Cardenas,
 
 06-1341, p. 12 (La.App. 4 Cir. 10/03/07), 968 So.2d 789, 798. Evidence is admissible in support of, or against, the exception of no right of action. La. C.C.P. art. 931;
 
 Eubanks v. Hoffman,
 
 96-0629 (La.App. 4 Cir. 12/11/96), 685 So.2d 597, 600.
 

 The peremptory exception of no right of action tests whether the plaintiff has the capacity or legal interest in judicially enforcing the right asserted. La. C.C.P. art. 927 A(5);
 
 Babineaux v. Pernie-Bailey Drilling Co.,
 
 261 La. 1080, 1096-98, 262 So.2d 328, 334 (1972). Moreover, an action can only be brought by a person having a real and actual interest, which he asserts. La. C.C.P. art. 681. An exception of no right of action assumes that the petition states a valid cause of action and questions whether the plaintiff in the particular case has a legal interest in the subject matter of the litigation.
 
 Louisiana Paddlewheels v. Louisiana Riverboat Gaming Commission,
 
 94-2015, pp. 4-5 (La.11/30/94), 646 So.2d 885, 888. The defendant raising the exception has the burden of proving the exception.
 
 City of New Orleans v. Board of Directors of Louisiana State Museum,
 
 98-1170, p. 9 (La.3/2/99), 739 So.2d 748, 755.
 

 By way of background, the plaintiff explains in brief that in March of 2005, Gal-land endorsed a policy for Lloyds, numbered GGACF 2095, binding coverage on the account of “3218 Magazine Street, L.L.C. dba Byblos’ Restaurant.” The policy became effective on March 14, 2005. Plaintiff claims that later, Byblos, Inc. and Mediterranean Fresh, L.L.C., who own and operate Byblos at 1501 Metairie Road and Byblos at Lakeside Mall, respectively, applied for similar | .(Coverage, and on April 22, 2005, the policy GGACF 2095 was
 
 *244
 
 amended to add those two locations as insured locations. The declarations sheet and the endorsement sheet also show that only Mediterranean Fresh, L.L.C. was added as a named
 
 insured.
 
 Plaintiffs assert that each plaintiff is a distinct legal entity and that each operates only one restaurant.
 

 Plaintiff argues that Byblos, Inc. is identified in the endorsement by its physical address rather than its legal name. However, this characterization of the endorsement is not accurate. The physical address was clearly added as a covered location, but only Mediterranean Fresh, L.L.C. was added as a named insured. Thus, there were three covered locations, but only two named insureds.
 

 Defendants claim that this Exception is not about the denial of insurance coverage, or an attempt to deny coverage under the policy for the 1501 Metairie Road location, which is clearly listed on the policy. They have submitted evidence that subsequent to this suit’s filing, they have made several unconditional tenders to the named insureds on the policy, 3218 Magazine L.L.C. and Mediterranean Fresh, L.L.C., specifically for covered losses incurred at the 1501 Metairie Road location. The evidence also shows that the named insureds then tendered the remittance to Byblos, Inc.
 

 The right of action disputed in this suit is not for coverage for the losses sustained at 1501 Metairie Road, because clearly defendant has admitted that it covered this location and has tendered payment (to the named insureds) for losses sustained there. What is at issue is the right of Byblos, Inc., who does not appear as a named insured on the policy, to sue defendants for those first-party losses, and to appear as loss payee on the tendered payments. Because Byblos, Inc. is not 15listed as a named insured, we find no abuse of discretion in the trial court’s ruling granting the Exception of No Right of Action.
 
 [2]
 

 This does not mean, however, that Byblos, Inc. is without a right of action against defendants. In its Opposition to the Exception of No Right of Action, Byblos, Inc. has alleged facts that appear to support a right of action against defendants for reformation of the insurance policy. In
 
 Hope v. S & J Diving, Inc.,
 
 that court found that a putative insured, Deep Sea, who claimed it was mistakenly not included as a named insured on an MEL
 
 [3]
 
 policy, had a right of action against the insurer, the insurance agency, and the insurance broker for declaratory judgment and/or for reformation of the policy to list it as a named insured. After defendant Deep Sea was sued by the plaintiff, an injured seaman, it sought defense and indemnity from North American, its alleged MEL carrier. North American denied the request on the basis that Deep Sea was not a named insured under the applicable policy. Deep Sea then brought a third party demand against North American and the insurance agency and broker who placed the coverage, seeking declaratory judgment that it was entitled to coverage against the plaintiffs claims and/or reformation of the insurance policy to have it listed as a named insured.
 

 The trial court granted North American’s exception of no right of action, finding that Deep Sea lacked standing to sue North American because no privity of contract existed between it and North American. The court of appeal reversed, finding that Deep Sea had stated a right of action
 
 *245
 
 for reformation of the insurance policy- to conform to the original intention of the parties, a right of action recognized in Louisiana, citing
 
 Samuels v. State Fatm Mutual Ins. Co.,
 
 06-0084 (La.10/17/06), 939 So.2d 1235; and
 
 Taylor v. Audubon Ins. Co.,
 
 357 So.2d 912 (La.App. 4 Cir.1978).
 

 |c,We find that the trial court erred in sustaining the Exception of No Right of Action without allowing Byblos, Inc. an opportunity to amend and/or supplement its pleadings. Generally, when an exception of no right of action is maintained, the party is given the opportunity to supplement and/or amend the pleadings for purposes of removing the grounds of the pleaded objection. LSA-C.C.P. art. 934;
 
 Howard v. Administrators of Tulane Educational Fund,
 
 07-2224 (La.7/1/08), 986 So.2d 47, 60.
 

 Accordingly, we affirm the judgment sustaining the Exception of No Right of Action, but amend the judgment to allow Byblos, Inc. thirty days from the date of this opinion to amend and/or supplement its pleadings in the district court according to LSA-C.C.P. art. 934.
 

 AFFIRMED AS AMENDED; REMANDED.
 

 [1]
 

 . Galland also asserted an Exception of No Cause of Action against all plaintiffs, which was denied. That issue is not part of this appeal.
 

 [2]
 

 . We note, however, that this judgment did not dismiss Byblos, Inc. from the suit.
 

 [3]
 

 . Maritime employment liability.