WALTER J. ROTHSCHILD, Judge.
lain this appeal, we review the trial court’s January 14, 2010 judgment granting the exception of no right of action filed by plaintiff, First Bank and Trust (“First Bank”), and several officers and/or employees of First Bank. Sheriff Newell Normand and Colonel Michael Cyprian joined in the exception as well. For the following reasons, we affirm.

STATEMENT OF THE CASE

On May 22, 2008, First Bank filed a Petition for Executory Process against Rebecca Duwell a/k/a Rebecca A. Barnett, asserting that First Bank is the holder and owner of a promissory note that was secured by a multiple indebtedness mortgage on immovable property owned by Ms. Duwell in Jefferson Parish. Ms. Duwell executed the promissory note and mortgage through her agent, Donald Jones, pursuant to an Act of Procuration or Power of Attorney dated March 6, 2004. In its petition, First Bank asserted that the promissory note and mortgage |swere in default, and it requested an order of exec-utory process and that a writ of seizure and sale be issued directing the Sheriff of *1077 Jefferson Parish to seize and sell the property securing the mortgage. Notice was sent to Mr. Jones, as Ms. Duwell’s agent, and the court appointed an attorney to represent Ms. Duwell, who lives in Georgia.
Ms. Duwell has not taken any action in these proceedings. However, on July 15, 2008, Mr. Jones filed a pleading in the trial court seeking to intervene in the case and asserting that he has ownership rights in the property because he loaned money to Ms. Duwell to acquire and improve the property. He also sought an order cancel-ling the sheriffs sale. On August 1, 2008, the trial court denied Mr. Jones’ requests to intervene, to set aside the sheriffs sale, and all other relief sought. On August 20, 2008, the property was sold by the Sheriff at public sale to First Bank, as the last and highest bidder.
On June 10, 2009, Mr. Jones filed a pleading entitled, “Petition for Vacating Sheriff Sale To First Bank & Trust Co. For Non-Compliance of Writ of Seizure & Sheriff Sale-Cash Payment Not Received In Accords With LA. C.C.P. Art. 2331-Notice of Sale-LA. C.C.P. Art. 2253-Writ From Clerk-LA. C.C.P. Art. 2004-Annul-ment for Vices of Substance; Preemption of Action-Sheriff Sale To Be Vacated For Non-Compliance With Louisiana Law For Court Ordered Sheriff Sale-Damages To Co-Owner & Agent For Owner Of Property-Intervention LA. C.C.P. Art. 1091-1092.” In this pleading, he named several officers and/or employees of First Bank as defendants, including Mark Landry, J. Kenneth LeDoux, J. Michael Brown, Patrick Orillion, Desiree Harris, and Stephen Dickie. He also named Sheriff Newell Normand and Colonel Michael Cyprian of the Jefferson Parish Sheriffs Office, and Jon Gegenheimer, the Jefferson Parish Clerk of Court, as defendants. In this pleading, Mr. Jones made numerous claims and |4allegations, and he argued that the Louisiana executory process law is unconstitutional. He also made several requests for relief from the trial court, including an order vacating and setting aside the sale.
In response, on December 9, 2009, First Bank and its officers and/or employees named as defendants filed exceptions of improper use of summary proceedings, no right of action, and no cause of action. These exceptions, as well as Mr. Jones’ petition, came for hearing before the trial court on January 14, 2010. After considering the exhibits introduced by First, Bank and hearing argument from counsel for First Bank and its officers and from Mr. Jones, the trial judge granted the exception of no right of action, finding that Mr. Jones was not the proper party to bring the claims raised in his pleadings. That same date, the trial judge signed a written judgment maintaining the exception of no right of actiqn and dismissing all pending motions and other pleadings filed by Mr. Jones. Mr. Jones appeals.

DISCUSSION

On appeal, Mr. Jones asserts numerous claims and allegations, including claims that the Louisiana executory process law is unconstitutional, the sheriffs sale at issue was invalid, and that his civil and constitutional rights are being violated. Although Mr. Jones raises numerous issues on appeal, many of which are unclear or indiscernible, this Court can only review and address the issue in the judgment properly before it on appeal, which is the granting of the exception of no right of action.
LSA-C.C.P. art. 681 provides:
Except as otherwise provided by law, an action can be brought only by a person having a real.and actual interest which he asserts.
*1078 The peremptory exception of no right of action tests whether the individual bringing an action has the capacity or legal interest in judicially enforcing the right [fiasserted. La. C.C.P. art. 927 A(5); 3218 Magazine, L.L.C. v. Lloyds of London, OS-727, p. S (La.App. 5 Cir. 2/25/09), 10 So.3d 242, 243. A party has an actionable right, and consequently standing, if it can be said that the party has a legally protectable and tangible stake in the litigation. LSA-C.C.P. art. 681; Washington Mut. Bank v. Monticello, 07-1018, p. 6 (La.App. 3 Cir. 2/6/08), 976 So.2d 251, 255, writ denied, 08-530 (La.4/25/08), 978 So.2d 369. An appellate court reviews an exception of no right of action de novo. Hornot v. Cardenas, 06-1341, p. 12 (La.App. 4 Cir. 10/03/07), 968 So.2d 789, 798.
In the present case, the evidence shows that Rebecca Duwell was the owner of the property at issue, not Donald Jones. Although Mr. Jones argues that he loaned money to Ms. Duwell to purchase and improve the property and thus, he had an ownership interest in the property, the evidence presented did not establish that Mr. Jones had any ownership interest in the. property or any privilege or lien on the property.
Mr. Jones further contends that he has an interest in this litigation and a right of action, because he signed the promissory note and mortgage pursuant to the Power of Attorney and he has the right to protect his name. However, without an ownership interest in the property that was seized and sold, the fact that Mr. Jones signed some of the documents at issue is insufficient to establish that he has a legally protectable and tangible stake in this litigation.
The trial judge granted the exception of no right of action because Mr. Jones did not establish an ownership interest in the property or any other legally protected right to participate in this litigation. We have reviewed the record before us de novo, along with the applicable law, and we agree with the trial court that Mr. Jones does not have standing or a right of action in this matter. Accordingly, Rwe find that the trial court judgment maintaining the exception of no right of action was correct.

DECREE

For the foregoing reasons, we affirm the trial court’s January 14, 2010 judgment maintaining the exception of no right of action.

AFFIRMED.