# STATE OF LOUISIANA
# COURT OF APPEAL, THIRD CIRCUIT

## 12-419

**GEORGE RAYMOND WILLIAMS, M.D., ORTHOPAEDIC SURGERY, A PROFESSIONAL MEDICAL L.L.C.**

**VERSUS**

**SIF CONSULTANTS OF LOUISIANA, INC., RISK MANAGEMENT SERVICES, L.L.C., MED-COMP USA, INC., ET AL.**

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
TWENTY-SEVENTH JUDICIAL DISTRICT COURT
PARISH OF ST. LANDRY, NO. 09-C-5244-C
HONORABLE ALONZO HARRIS, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

## J. DAVID PAINTER
## JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of John D. Sanders, Marc T. Amy, and J. David Painter, Judges.

**RENDERED AND AFFIRMED.**

**Thomas A. Filo**
**Michael K. Cox**
**Cox, Cox, Filo, Camel & Wilson, L.L.C.**
**723 Broad Street**
**Lake Charles, LA 70601**
**(337) 436-6611**
**COUNSEL FOR PLAINTIFFS-APPELLEES:**
    **George Raymond Williams, M.D., Orthopaedic**
    **Surgery, A Professional Medical, L.L.C.**

**John S. Bradford**
**William B. Monk**
**Stockwell, Sievert, Viccellio, Clements**
        **& Shaddock, L.L.P.**
**One Lakeside Plaza, Fourth Floor**
**Lake Charles, LA  70601**
**(337) 436-9491**
**COUNSEL FOR PLAINTIFFS-APPELLEES:**
        **George Raymond Williams, M.D., Orthopaedic**
        **Surgery, A Professional Medical, L.L.C.**


**Patrick C. Morrow**
**James P. Ryan**
**Morrow, Morrow, Ryan & Bassett**
**324 West Landry Street**
**Opelousas, LA  70570-5120**
**(337) 948-4483**
**COUNSEL FOR PLAINTIFFS-APPELLEES:**
        **George Raymond Williams, M.D., Orthopaedic**
        **Surgery, A Professional Medical, L.L.C.**


**Stephen B. Murray**
**Stephen B. Murray, Jr.**
**Arthur M. Murray**
**Murray Law Firm**
**909 Poydras Street, Suite 2550**
**New Orleans, LA  70112-4000**
**(504) 525-8100**
**COUNSEL FOR PLAINTIFFS-APPELLEES:**
        **George Raymond Williams, M.D., Orthopaedic**
        **Surgery, A Professional Medical, L.L.C.**


**Steven W. Usdin**
**Edward R. Wicker, Jr.**
**Erica A. Therio**
**Barrasso, Usdin, Kupperman, Freeman &**
        **Sarver, L.L.C.**
**909 Poydras Street, Suite 2400**
**New Orleans, LA  70112**
**(504)589-9700**
**COUSEL FOR DEFENDANT-APPELLANT:**
        **Executive Risk Specialty Insurance Company**

**Randall K. Theunissen**
**Michael E. Parker**
**D. Paul Gardner, Jr.**
**Allen & Gooch**
**2000 Kaliste Saloom Road, Suite 400**
**Lafayette, LA  70598**
**(337) 291-1000**
**COUSEL FOR DEFENDANT-APPELLANT:**
    **Homeland Insurance Company of New York**

**Michael J. Rosen**
**Boundas, Skarzynski, Walsh & Black, L.L.C.**
**200 East Randolph Drive, Suite 7200**
**Chicago, IL 60601**
**(312) 946-4200**
**COUNSEL FOR DEFENANT-APPELLANT:**
    **Homeland Insurance Company of New York**

**Gerard G. Metzger**
**Charles T. Curtis, Jr.**
**Gerard G. Metzger A.P.L.C.**
**829 Baronne Street**
**New Orleans, LA 70113**
**(504) 531-9322**
**COUNSEL FOR DEFENDANT:**
    **Med-Comp USA**

**PAINTER, Judge.**

Healthcare providers sought to bring a class action against managed care errors and omissions insurers under Louisiana's direct action statute. The trial court certified the class, and insurers appealed.

## FACTS AND PROCEDURAL HISTORY

Plaintiffs are healthcare providers who allege that their workers' compensation medical bills have been discounted pursuant to preferred provider organization (PPO) agreements without the benefit of notice as required by La.R.S. 40:2203.1. Plaintiffs initially filed suit against Med-Comp USA, Inc. (Med-Comp), Risk Management Services, L.L.C. (Risk Management), and SIF Consultants of Louisiana, Inc. (SIF). Plaintiffs filed an amended petition naming CorVel Corporation (CorVel) and its insurers, Executive Risk Specialty Insurance Company (Executive Risk) and Homeland Insurance Company of New York (Homeland), as defendants. Plaintiffs reached separate settlement agreements with Risk Management, SIF, and CorVel. In the settlement agreement with CorVel, Plaintiffs reserved the right to proceed against the insurers.

With respect the settlement with CorVel and for settlement purposes only, the court conditionally certified the following class:

> All medical providers, institutions, and facilities that have provided services to workers' compensation patients pursuant to the Louisiana Workers' Compensation Act, LSA-R.S. 23:1021 et seq., and whose bills have been discounted, adjusted, paid on a reduced basis, or otherwise paid at less than the billed amount pursuant to a Preferred Provider Agreement contracted with CorVel or owned or operated by CorVel.

Executive Risk and Homeland raised several exceptions, including an exception of no right of action, in their answers to Plaintiffs' suit. Plaintiffs filed a motion to certify the class, and a hearing on that motion was held on January 18, 2012. At that hearing, Executive Risk and Homeland argued that the issue of standing, i.e., their exception of no right of action, had to be considered before a

class could be certified. In written reasons for judgment, the trial court acknowledged that Executive Risk and Homeland raised the issue of standing but made no further mention of it. Likewise, the judgment certifying the class is silent as to that issue.

Executive Risk and Homeland appealed the judgment. Med-Comp, although it remains as a defendant, has not appealed the class certification.

## DISCUSSION

We must first address the issue of the exception of no right of action. Plaintiffs contend that this issue is not properly before this court because the trial court never heard the exception of no right of action and has not ruled on it. Executive Risk and Homeland assert that the issue was clearly before the trial court since Plaintiffs' alleged lack of standing was central to their opposition to class certification and that the judgment's silence as to the issue and certification of the class necessarily means that the trial court rejected the argument as to their assertion of no right of action.

We find that this issue is properly before us. Although it is true that Executive Risk and Homeland made no formal motion to have the exception of no right of action heard, it is clear that it was argued before the trial court and that the trial court considered the issue. "Usually, when a trial court judgment is silent as to an exception, it is presumed that the trial court denied the exception." *Five N Co., L.L.C. v. Stewart*, 02-181, p. 12 (La.App. 1 Cir.7/2/03), 850 So.2d 51, 58. Furthermore, the exception of no right of action can be noticed by this court on its own motion, and Executive Risk and Homeland have clearly raised the exception before this court. So, whether or not the trial court considered the exception of no right of action, it is properly before this court.

2

Since it presents an issue of law, we review an exception of no right of action de novo. *Joseph v. Hosp. Serv. Dist. No.2 of the Parish of St. Mary*, 05-2364 (La. 10/15/06), 939 So.2d 1206.

Executive Risk and Homeland phrase the issue here as whether a healthcare provider may directly sue an insurer for alleged violations of La.R.S. 40:2203.1 by the insured party. Executive Risk and Homeland contend that such an action is prohibited by the direct action statute, La.R.S. 22:1269, because this statute provides a procedural right of action against insurers for claims that arise only in tort, not in contract. Executive Risk and Homeland further argue that Plaintiffs have admitted that their claims are contractual in nature by availing themselves of the ten-year prescriptive period applicable to actions arising in contract.

Plaintiffs argue that they are healthcare providers and as such, they are the only ones who have a right of action under La.R.S. 40:2203.1(G). Plaintiffs also contend that Executive Risk and Homeland's argument that Plaintiffs have no standing is really an exception of no cause of action and that they have not admitted that their claims are contractual in nature. Plaintiffs argue that their claims arise out of a breach of a statutory duty and that the ten year prescriptive period for personal actions provided in La.Code Civ.P. art. 422 is applicable. As the issue of prescription is clearly not before us, we make no determination as to what prescriptive period applies. We focus solely on the issue of whether Plaintiffs have a right of action against the insurers.

The issue is not as simply stated as Executive Risk and Homeland assert. Here, Plaintiffs sued the insured, CorVel, and its insurers, Executive Risk and Homeland. At that point, the direct action statute was not at issue. Plaintiffs settled with CorVel but not with its insurers. In the settlement documents, Plaintiffs expressly reserved the right to proceed against "any and all insurers."

3

"The function of the exception of no right of action is to determine whether the plaintiff belongs to the class of persons to whom the law grants the cause of action asserted in the suit." *Hood v. Cotter*, 08-215, p. 17 (La. 12/2/08), 5 So.3d 819, 829. Our review must "focus on whether the particular plaintiff has a right to bring the suit and is a member of the class of persons that has a legal interest in the subject matter of the litigation, assuming the petition states a valid cause of action." *Eagle Pipe & Supply, Inc. v. Amerada Hess Corp.*, 10-2267, p. 6 (La. 10/25/11), 79 So.3d 246, 256.

"A party has an actionable right, and consequently standing, if it can be said that the party has a legally protectable and tangible stake in the litigation." *Show-Me Const., L.L.C. v. Wellington Specialty Ins. Co.*, 11-528, p. 4 (La.App. 5 Cir. 12/29/11), 83 So.3d 1156, 1158 (*citing First Bank and Trust v. Duwell*, 10-481 (La.App. 5 Cir. 12/14/10), 57 So.3d 1076, 1078, *writ denied*, 10-2826 (La.2/11/11), 56 So.3d 1005). "The exception does not raise the question of the plaintiff's ability to prevail on the merits nor [sic] the question of whether the defendant may have a valid defense." *Touzet v. V.S.M. Seafood Servs., Inc*. 96-225, p. 3 (La.App. 4 Cir. 3/27/96), 672 So.2d 1011, 1013. The exceptor bears the burden of proof to show that the plaintiff has no right of action. *Carter v. Haygood*, 04-646 (La. 1/19/05), 892 So.2d 1261.

With respect to the direct action statute, it has been held that "[t]he direct action statue does not create an independent cause of action against the insurer," but instead "merely grants a procedural right of action against the insurer where the plaintiff has a substantive cause of action against the insured." *Marsh Eng'g Inc. v. Parker*, 04-509, p. 11 (La.App. 3 Cir. 9/29/04), 883, So.2d 1119, 1127, *writ denied*, 04-2669 (La. 1/28/05), 893 So.2d 73. Thus, "[w]hen the injured party's substantive cause of action against the original tort feasor [sic] is extinguished, the procedural right of direct action against the insurer, which is purely remedial and

4

ancillary to the cause, must fall by operation of law." *Id*. However, courts have also recognized that the release of an insured does not automatically extinguish the claims against the non-settling insurer, and those claims can remain viable even though the insured has been released. See *Dukes v. Declouette*, 10-45 (La.App. 1 Cir. 6/11/10), 40 So.3d 1231, *writ denied*, 10-1623 (La. 10/8/10), 46 So.3d 1207 (*citing Summerall v. Bickham*, 03-1252 (La.App. 1 Cir. 9/8/04), 887 So.2d 73, *writ denied*, 04-2506 (La. 1/7/05), 891 So.2d 696).

In this case, as in *Dukes*, Plaintiffs joined the insured, CorVel, as a defendant, and when Plaintiffs released the insured, they specifically reserved their rights against the insurers in the settlement agreement. We find that *Soileau v. Smith True Value & Rental, et al.*, 11-1594 (La.App. 3 Cir. 6/20/12), ___ So.3d ___ (wherein this court recently held that a plaintiff's right of action against an insurer was extinguished when the insured was dismissed from the suit), is distinguishable because in *Soileau*, unlike in the case sub judice, the plaintiff did not reserve the right to proceed against the insurer and because the settlement agreement was made with the insurer. Furthermore, in *Soileau*, a high/low settlement agreement was involved, and the court found that the insurer's intent in executing the high/low agreement was not to allow plaintiff to proceed against it alone but was obviously to cap its liability at a certain amount regardless of the jury's verdict. Thus, we agree with *Dukes* and *Summerall* that "the release of the insured did not bar the plaintiff's separate right to pursue the non-settling insurer through a direct action."

Thus, the issue becomes whether there is merit to Executive Risk and Homeland's argument that this is an action in contract such that application of the direct action statute is barred. "[T]he same acts or omissions may constitute a breach of both a general duty owed to all persons (ex delicto) and a breach of a special obligation the obligor contractually assumed (ex contractu). *Cooper v.*

5

*Louisiana Dept. of Public Works*, 03-1074, pp. 19-20 (La.App. 3 Cir. 3/3/04), 870 So.2d 315, 331-32. Here, a statutory duty is involved. Thus, "the source of the duty involved would not be the contract itself, but rather society's interests in protecting its members against uncompensated . . . injury." *Id*. at 332 (*quoting* Glenn G. Morris, *Developments in the Law: Business Associations,* 50 La.L.Rev. 211, 220-21 & 224 (1989) (citations omitted)). Thus, we find that Plaintiffs have right of action in this case.

We next consider whether the trial court correctly certified a class in this case. The trial court certified the Plaintiff class with the following class definition:

> All medical providers who have provided services to workers' compensation patients, as contemplated in LA. R.S. 23:1021, *et seq*., and whose bills have been discounted, from January 1, 2001 through December 31, 2006, pursuant to a Preferred Provider Organization agreement, as defined in LA. R.S. 40:2202, by or through Med-Comp USA, Inc. and/or CorVel Corporation.

> The law is well settled that:

> In reviewing a trial court's judgment regarding class certification, the trial court's factual findings are subject to the manifest error standard; however, the trial court's ultimate decision of whether or not to certify the class is reviewed under the abuse of discretion standard. *Brooks*, 08-2035, p. 10, 13 So.3d at 554 (citing *Banks*, 98-0551, 737 So.2d at 1280). "Implicit in this deferential standard is recognition of the essentially factual basis of the certification inquiry and of the district court's inherent power to manage and control pending litigation." *Id*., p. 11 (*quoting Gene and Gene L.L.C. v. BioPay L.L.C.*, 541 F.3d 318, 325 (5th Cir.2008).

*Dupree v. Lafayette Ins. Co.*, 09-2602, pp. 7-8 (La. 11/30/10), 51 So.3d 673, 680.

Moreover, this court has recently reiterated that "the court should err on the side of maintaining the class action since the judge may always modify or amend the class at any time prior to a decision on the merits." *Gunderson v. F.A. Richard & Assocs., Inc.*, 07-331, p. 9 (La.App. 3 Cir. 2/27/08), 977 So.2d 1128, 1137, *writs denied*, 08-1063, 08-1069, 08-1072 (La. 9/19/08), 992 So.2d 953 (*quoting Clark v. Trus Joist MacMillian*, 02-676, 02-512, p. (La.App. 3 Cir. 12/27/02), 836 So.2d 454, 459-60, *writ denied*, 03-275 (la. 4/21/03), 841 So.2d 793).

Executive Risk and Homeland assert that the trial court erred in certifying the class in this case because the requirements of La.Code Civ.P. art. 591[1] were not met in that the Plaintiff is not an adequate class representative, common issues do not predominate over individual issues, and there is no typicality. Executive Risk and Homeland further aver that the trial court improperly focused on the actions of CorVel instead of the insurers in certifying the class.

---

[1] Louisiana Code of Civil Procedure Article 591 reads, in pertinent part:

A. One or more members of a class may sue or be sued as representative parties on behalf of all, only if:

* * * *

(3) The claims or defenses of the representative parties are typical of the claims or defenses of the class.

(4) The representative parties will fairly and adequately protect the interests of the class.

* * * *

B. An action may be maintained as a class action only if all of the prerequisites of Paragraph A of this Article are satisfied, and in addition:

* * * *

(3) The court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy. The matters pertinent to these findings include:

(a) The interest of the members of the class in individually controlling the prosecution or defense of separate actions;

(b) The extent and nature of any litigation concerning the controversy already commenced by or against members of the class;

(c) The desirability or undesirability of concentrating the litigation in the particular forum;

(d) The difficulties likely to be encountered in the management of a class action;

(e) The practical ability of individual class members to pursue their claims without class certification;

(f) The extent to which the relief plausibly demanded on behalf of or against the class, including the vindication of such public policies or legal rights as may be implicated, justifies the costs and burdens of class litigation . . .

"The requirement of 'adequate representation' is satisfied when the claims of the class representatives are typical or a cross section of the claims of all of the members in the class." *Martello v. City of Ferriday*, 01-1240, p. 9 (La.App. 3 Cir. 3/6/02), 813 So.2d 467, 476, *writs denied*, 02-990, 02-1002, 02-1514 (La. 6/7/02), 818 So.2d 770, *cert. denied, Town of Ferriday v. Martello*, 537 U.S. 1072, 173 S.Ct. 673 (12/9/02).

> The test for determining the existence of adequate representation under La. C.C.P. art. 591(A)(4) consists of three elements: (1) the claims of the chosen class representatives cannot be antagonistic or conflict with those of other class members; (2) the chosen representatives must have a sufficient interest in the outcome to ensure vigorous advocacy; and (3) counsel for the chosen representatives must be competent, experienced, qualified, and generally able to conduct the litigation vigorously.

*Boyd v. Allied Signal, Inc.*, 03-1840, p. 26 (La.App. 1 Cir. 12/30/04), 898 So.2d 450, 465, *writ denied*, 05-191 9 (La. 4/1/05), 897 So.2d 606.

In making its decision, the trial court considered the testimony of several witness, both live and by deposition. Based on all of the evidence presented, the trial court determined that the class representative chosen would adequately represent the interests of the class, partly because of the expertise of Plaintiffs' counsel in class action litigation, and because the proposed class representative would more than adequately represent the broad spectrum of Louisiana healthcare providers who would be class members. We find no manifest error in this factual finding.

Executive Risk and Homeland also assert that individual issues predominate over common issues such that certification of the class was improper. We do not agree with this assertion. In this case, there is but one issue: whether there was a violation of La.R.S. 40:2203.1. Plaintiffs assert a single cause of action. Executive Risk and Homeland assert that coverage issues would require individual

8

inquiry; however, both these companies allegedly insured CorVel. This is not an issue of multiple policies written to multiple insureds.

The argument regarding whether proper notice was given to each member of the class requires individualized inquiries was squarely addressed and rejected in *Gunderson*. We agree that "[w]hatever the applicability of affirmative defenses in limiting or extinguishing . . . liability to certain individual claimants, the initial imposition of such liability remains rooted solely in the failure to give timely notice." *Gunderson*, 977 So.2d at 1138. Thus, we find no manifest error in the trial court's determination that common issues predominate over individual issues in this case.

Executive Risk and Homeland next argue that the class lacks typicality. We find no merit to this argument because the claim of every single class member is the same. Again, we note that this lawsuit alleges a single cause of action for violation of La.R.S. 40:2203.1 and seeks solely the remedy found in that statute.

Executive Risk and Homeland assert that the trial court improperly focused on the claims against the insured party, CorVel, who was released after reaching a settlement agreement with the proposed class. The claims against the insured and insurer(s) are the same. The insurer stands in the shoes of the insured with respect to the direct action statute. *Ferrell v. Fireman's Fund Ins. Co.*, 92-2116 (La.App. 4 Cir. 7/31/96), 680 So.2d 690, *reversed on other grounds*, 96-3028 (La. 7/1/97), 696 So.2d 569. Thus, we find no merit to this assignment of error.

Accordingly, we find no abuse of discretion in the trial court's certification of the class herein.

**DECREE**

For all of the foregoing reasons, we find that Plaintiffs have a right of action to pursue this claim against Executive Risk and Homeland and render judgment denying the exception of no right of action. We further affirm the trial court's class certification. All costs of this appeal are assessed to Defendants/Appellants, Executive Risk Specialty Insurance Company and Homeland Insurance Company of New York.

**RENDERED AND AFFIRMED.**