AMY, J., dissenting.
I respectfully dissent from the majority opinion as I find that a reversal is required.
A previous panel of this court addressed the nature of the plaintiff's underlying claim and observed that it alleged a statutory violation of La.R.S. 40:2203.1. Williams v. SIF Consultants of La., Inc. , 12-419 (La.App. 3 Cir. 11/7/12), 103 So.3d 1172, writ denied , 12-2637 (La. 3/15/13), 109 So.3d 381. Thus, the subject claim was found not to be contractual in nature. Such a finding, in my opinion, renders La.Civ.Code art. 2000 inapplicable.
Rather, as it has been determined that a statutory duty was breached, I find the question presented to this panel is resolved by linear application of La.R.S. 13:4203. That provision instructs that: "Legal interest shall attach from date of judicial demand, on all judgments, sounding in damages, 'ex delicto', which may be rendered by any of the courts."Id. Clearly, given the absence of a contractual claim, the claim as to the statutory duty involved here is ex delicto in nature. See La.Civ.Code art. 1757 (providing that: "Obligations arise from contracts and other declarations of will. They also arise directly from the law, regardless of a declaration of will, in instances such as wrongful acts, the management of the affairs of another, unjust enrichment and other acts or facts.").
Accordingly, and given the "ex delicto" nature of the plaintiff's claim, I would award legal interest pursuant to La.R.S. 13:4203, i.e., from "date of judicial demand[.]" (Emphasis added.) I find no merit in a conclusion that the demand for arbi tration *763 in this case constituted a "judicial demand." Rather, that conflation of proceedings, and absent a court-involved demand, removes "judicial" from the positive law of La.R.S. 13:4203.
For these reasons, I dissent from the majority opinion's affirmation of the trial court's judgment.