# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-30050
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

July 27, 2018

Lyle W. Cayce
Clerk

HARRY LEE BOUDREAUX,

     Plaintiff - Appellant

v.

C J R FRAMING INCORPORATED; ROCKINGHAM CASUALTY COMPANY, incorrectly named as Rockingham Insurance Company,

     Defendants - Appellees

Appeals from the United States District Court
for the Western District of Louisiana
USDC No. 6:17-CV-517

Before WIENER, DENNIS, and SOUTHWICK, Circuit Judges.

PER CURIAM:*

In this personal-injury action, the plaintiff's amended complaint added a dissolved Texas corporation and the corporation's insurer. The district court granted the new defendants' motions to dismiss under Federal Rule of Civil Procedure 12(b)(6) on the basis that the plaintiff could not bring a claim against the dissolved corporation under Texas corporations law. We AFFIRM.

---

    * Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-30050

## FACTUAL AND PROCEDURAL BACKGROUND

While working at a construction site, Harry Lee Boudreaux alleges he was injured when a board fell from the roof of an apartment building and struck him on the back. He filed suit in Louisiana state court against U.S. Framing, Inc., the contractor at the site. Following removal on the basis of diversity of citizenship, Boudreaux amended his complaint to add CJR Framing, Inc. ("CJR"), a Texas-based subcontractor, and Rockingham Casualty Company, who was CJR's insurer, alleging CJR negligently caused his injuries and Rockingham was liable under Louisiana's direct-action statute, LA. STAT. ANN. § 22:1269. CJR filed a motion to dismiss under Rule 12(b)(6), contending Boudreaux's suit was barred by the Texas Business Organizations Code ("Texas Code") because Boudreaux's claim arose after CJR was dissolved in February 2014. Further, CJR asserted any viable claim Boudreaux may have had was "extinguished" under the Texas Code because he filed suit more than three years after CJR was dissolved. Rockingham also moved to dismiss on the basis that Boudreaux did not state a claim against its insured, CJR.

Accepting a magistrate judge's report and recommendation, the district court dismissed Boudreaux's claims against the defendants under Rule 12(b)(6). The court ruled that Texas corporate law applied to a Texas corporation's capacity to be sued in Louisiana. The court also held that under the Texas Code, CJR could not be liable on Boudreaux's post-dissolution claim. Further, even if Boudreaux's claim were an "existing claim," it was not filed within three years of CJR's dissolution as statutorily required. Because Boudreaux had no viable substantive claim against CJR, Rockingham could not be liable under the direct-action statute. Finding there was no just cause for delay, the district court declared the dismissal a final judgment under Rule 54(b), and Boudreaux timely appealed.

No. 18-30050

DISCUSSION

We review a district court's grant of a Rule 12(b)(6) motion *de novo*, "accepting all well-pleaded facts as true and viewing those facts in the light most favorable to the plaintiff." *True v. Robles*, 571 F.3d 412, 417 (5th Cir. 2009) (quoting *Stokes v. Gann*, 498 F.3d 483, 484 (5th Cir. 2007)). "Dismissal is appropriate when the plaintiff has not alleged 'enough facts to state a claim to relief that is plausible on its face' and has failed to 'raise a right to relief above the speculative level.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007)).

When sitting in diversity, federal courts apply the substantive state law of the state in which the district court sits, including the forum state's choice-of-law rules. *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496–97 (1941). We therefore apply Louisiana's choice-of-law-rules. Louisiana state courts "would apply the law of the state of incorporation in determining the viability of a corporation after dissolution." *Lone Star Indus., Inc. v. Redwine*, 757 F.2d 1544, 1548 n.3 (5th Cir. 1985); *see also* FED. R. CIV. P. 17(b)(2). Furthermore, Boudreaux does not contest the applicability of Texas corporate law on CJR's capacity to be sued.

Boudreaux also does not contest that CJR's charter was forfeited under the Texas Tax Code, making CJR a "terminated filing entity" under the Texas Code. TEX. BUS. ORGS. CODE ANN. §§ 11.001(4)–(5). A "terminated filing entity" ceases to exist for most purposes but "continues in existence [for three years] . . . for the purposes of . . . permitting the survival of an *existing claim*." § 11.356(a)(2) (emphasis added). An "existing claim" is defined as "a claim that existed before the entity's termination and is not barred by limitations; or . . . a contractual obligation incurred after termination." §§ 11.001(3)(A)–(B).

The district court correctly held that Boudreaux's claim against CJR was not an "existing claim" under the plain language of Sections 11.356(a)(2) and

3

11.001(3).   *See State v. Shumake*, 199 S.W.3d 279, 284 (Tex. 2006). Boudreaux's claim did not accrue pre-dissolution under Section 11.001(3)(A) because the accident occurred in August 2016 — over two years after CJR was dissolved.   Texas courts have held that, under a prior version of Section 11.001(3), "[a] dissolved corporation is not liable for a post-dissolution claim." *Anderson Petro-Equip., Inc. v. State*, 317 S.W.3d 812, 817 (Tex. App.—Austin 2010, pet. denied).   For the first time on appeal, Boudreaux argues that his claim is a contractual obligation under Section 11.001(3)(B).   Assertions made for the first time on appeal are waived unless the appellant demonstrates "extraordinary circumstances."   *AG Acceptance Corp. v. Veigel*, 564 F.3d 695, 700 (5th Cir. 2009).   No extraordinary circumstances have been shown. Regardless, the fact CJR had a contract with U.S. Framing, Inc. is irrelevant to whether Boudreaux's *claim* arose from a "contractual obligation."   It clearly did not.

Even if Boudreaux had an "existing claim," the district court correctly ruled his claim was "extinguished" under Section 11.359(a) because he did not file it within three years of CJR's dissolution.   "[A]n existing claim . . . is *extinguished* unless an action or proceeding is brought on the claim not later than the third anniversary of the date of termination of the entity." § 11.359(a) (emphasis added).   Boudreaux asserts Louisiana's statute of limitations tolling principles apply.   He then argues that because he filed his original petition less than three years after CJR was dissolved, his amended complaint against CJR was tolled.   We do not see, though, any connection between Louisiana's limitations tolling and a determination of whether a Texas corporation has the capacity to be sued.   As already discussed, the relevant Texas statute provides that "existing claims" filed against dissolved corporations are "extinguished" after three years. § 11.359(a).

Next, Boudreaux contends the district court never addressed his assertion that CJR fraudulently continued to conduct business even though it was dissolved. Therefore, he argues CJR's termination should be revoked under Section 11.153, which permits courts to "order the revocation of termination of an entity's existence that was terminated as a result of actual or constructive fraud." Boudreaux is incorrect that the court ignored his argument. The magistrate's report and recommendation, adopted by the district court, discusses and rejects the arguments based on fraud:

> Plaintiff's contention that Texas law authorizes a court to revoke an entity's termination as a result of fraud does not change th[e] conclusion [that Boudreaux does not have an "existing claim" and any claim was extinguished]. There is no statutory text expressly stating that the revocation under [Section 11.153] . . . would revive any claims extinguished by Section 11.359 of the [Texas Code].

Briefly to repeat, the Texas Code provides, without applicable exception, that only "existing claims" survive a corporation's dissolution; even if a plaintiff has an "existing claim," all claims are "extinguished" if not brought within three years. §§ 11.356 & 11.359. We discover no authority to suggest Section 11.153 revives non-existent or extinguished claims. "In making an *Erie*-guess in the absence of explicit guidance from the state courts, we must attempt to predict state law, not to create or modify it." *Learmonth v. Sears, Roebuck & Co.*, 710 F.3d 249, 258 (5th Cir. 2013) (quoting *Coe v. Chesapeake Exploration, LLC*, 695 F.3d 311, 316 (5th Cir. 201)). We cannot create a fraud exception where none exists in Sections 11.356 and 11.359.

Boudreaux also argues the district court ignored his assertion that dismissal under Rule 12(b)(6) was premature because CJR failed to answer discovery. Yet, the district court ordered that discovery be halted pending its ruling on the motions to dismiss, a halt which Boudreaux does not claim to be error. Boudreaux shows no abuse of discretion in the grant of the protective order. *See Leatherman v. Tarrant Cnty. Narcotics Intelligence & Coordination*

No. 18-30050

*Unit*, 28 F.3d 1388, 1394 (5th Cir. 1994).  Moreover, in resolving a similar argument based on a need for discovery, we held "a 12(b)(6) inquiry focuses on the allegations in the pleadings, not whether a plaintiff actually has sufficient evidence to succeed on the merits." *Ferrer v. Chevron Corp.*, 484 F.3d 776, 782 (5th Cir. 2007).  Boudreaux's claim of error concerning discovery is irrelevant to the court's order granting the defendants' motions to dismiss.

Finally, Boudreaux asserts the court erred in dismissing Rockingham's claims under Louisiana's direct-action statute.  Boudreaux agrees that in order to hold Rockingham liable under the direct-action statute, he must state a substantive claim against CJR or CJR's employees.  LA. STAT. ANN. § 22:1269; *Williams v. SIF Consultants of La., Inc.*, 103 So. 3d 1172, 1177 (La. Ct. App. 2012).  Boudreaux did not join CJR's employees in this action.  Because the district court did not err in dismissing Boudreaux's claims against CJR, it also did not err in dismissing his claims against Rockingham.  *Williams*, 103 So. 3d at 1177.

AFFIRMED.

6