KATHLEEN MCGOEY

VERSUS

ABC INSURANCE COMPANY AND MY SAL
L.L.C.

NO. 24-C-549

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

*Wiseman*

Linda Wiseman
First Deputy, Clerk of Court

December 16, 2024

Linda Wiseman
First Deputy Clerk

**IN RE** BROOKS AND COMPANY HAIR SALON D/B/A SWEETPEA ENTERPRISES, INC.

**APPLYING FOR** SUPERVISORY WRIT FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT, PARISH OF JEFFERSON, STATE OF LOUISIANA, DIRECTED TO THE HONORABLE DONALD A. ROWAN, JR., DIVISION "L", NUMBER 848-318

Panel composed of Judges Jude G. Gravois,
Marc E. Johnson, and Stephen J. Windhorst

**WRIT DENIED**

In this writ application, relator, Brooks and Company Hair Salon d/b/a SweetPea Enterprises, Inc., seeks this Court's supervisory review of the trial court's September 17, 2024 judgment which denied its peremptory exceptions of no cause of action and no right of action. Finding no error in the trial court's judgment, we deny relief.

On January 6, 2023, plaintiff, Kathleen McGoey, allegedly tripped and fell while leaving Brooks and Company Hair Salon, located at 115 Metairie Road in Metairie, Louisiana. Plaintiff filed a petition for damages against the property owner, MY SAL, LLC. Therein, plaintiff alleged that upon leaving the salon, she proceeded down a two-riser brick staircase at the front of the main entrance to the salon and fell. MY SAL filed an answer, affirmative defenses, and a third party demand, naming Brooks and Company Hair Salon d/b/a SweetPea Enterprises, Inc., owner of the salon and the lessee of the premises at the time of the accident, as a third party defendant.

MY SAL asserted that pursuant to the lease agreement, SweetPea contractually "assumed responsibility for the condition of the premises," including any alleged defects or vices of the property. MY SAL also specifically alleged:

> Pursuant to the lease agreement, [SweetPea] is contractually obligated to defend, indemnify, and hold [MY SAL] harmless from any and all claims or liability to third persons arising from or out of any occurrence at the leased premises or arising out of the occupancy or use by [SweetPea] of the leased premises and any activities of [SweetPea] in the parking areas or common service areas.

MY SAL alleged that the indemnification provision of the lease provides that the leased premises includes the areas used by SweetPea and used for the benefit of SweetPea's business. Additionally, MY SAL claimed that SweetPea is contractually obligated to maintain liability insurance and to name MY SAL as an additional insured on its liability insurance policy providing coverage for the claims asserted against MY SAL by plaintiff, and that failure to provide that coverage is considered a breach of the contract.

In response, SweetPea filed exceptions of no right of action and no cause of action. SweetPea highlighted that in MY SAL's answer and what is its eighteenth affirmative defense, it pled "any and all lease agreements regarding any areas or premises at issue as if copied herein verbatim, and pleads any and all terms, conditions, limitations of liability, or any language contained in any said lease agreements as if copied herein verbatim." Therefore, SweetPea asserted the lease itself could be considered and attached it in support of its exceptions. SweetPea claimed that based on the terms of the lease, it has no control over the "common areas" and it is MY SAL who controls the two-riser brick staircase where the accident occurred. SweetPea argued that MY SAL had the duty to operate and maintain the area where plaintiff fell.

In opposition, MY SAL argued that the lease should not be considered since evidence may not be used in support of an exception of no cause of action. However, even if it were considered, it argued that the lease does not state that the two-riser

brick staircase is part of the common area. Further, the indemnification provision provides that the leased premises extends to areas used by SweetPea and used for the benefit of its business.

Following a hearing on the exceptions, the trial court signed a written judgment on September 17, 2024, denying the exceptions of no cause of action and no right of action.

A cause of action, for purposes of the peremptory exception, is defined as the operative facts that give rise to the plaintiff's right to judicially assert an action against the defendant. *Labruzzo v. State*, 23-194 (La. App. 5 Cir. 5/22/24), 388 So.3d 1208, 1214, citing *Grubbs v. Haven Custom Furnishings, LLC*, 18-710 (La. App. 5 Cir. 5/29/19), 274 So.3d 844, 847. The exception's function is to test the legal sufficiency of the petition by determining whether the law affords a remedy to the facts alleged in the pleading. *5301 Jefferson Hwy, LLC v. A. Maloney Moving & Storage, Inc.*, 23-211 (La. App. 5 Cir. 5/29/24), 392 So.3d 337, 348. No evidence may be introduced to support or controvert the exception raising the objection of no cause of action. La. C.C.P. art. 931. For purposes of its determination, all well-pleaded facts are accepted as true and all doubts are resolved in favor of the sufficiency of the petition. *Stewart v. Miller*, 23-535 (La. App. 5 Cir. 5/29/24), 388 So.3d 1264, 1268. Whether the plaintiff can prove the allegations set forth in the petition is not determinative of the exception of no cause of action, and the court may not go beyond the petition to the merits of the case. *Scanlan v. MBF of Metairie, LLC*, 21-323 (La. App. 5 Cir. 3/23/22), 337 So.3d 562, 565.

The exception of no right of action raises the issue of whether a particular plaintiff falls as a matter of law within the general class of persons in whose favor the remedy may be asserted. *Fraino v. Fraino*, 24-173 (La. App. 5 Cir. 6/17/24), 391 So.3d 760, 765. An exception of no right of action assumes that the petition states a valid cause of action and questions whether the plaintiff has a legal interest in the subject matter of the litigation. *Davisson v. Bd. of Examiners for New Orleans*, 22-

519 (La. App. 5 Cir. 5/24/23), 366 So.3d 784, 789. Unlike the exception of no cause of action, on the trial of the exception of no right of action, evidence is admissible to support or controvert the issue of whether there is a right or interest in the particular plaintiff to institute the suit. *Id.* The exception does not raise the question of the plaintiff's ability to prevail on the merits, nor the question of whether the defendant may have a valid defense. *Shorter v. Akins*, 11-1553 (La. App. 3 Cir. 4/4/12), 86 So.3d 883, 885, *writ denied*, 12-1363 (La. 10/8/12), 98 So.3d 853.

The appellate court's standard of review of a judgment sustaining an exception of no cause of action and an exception of no right of action is *de novo*. *Succession of Vidrine*, 23-15 (La. App. 5 Cir. 12/6/23), 380 So.3d 590, 593; *3218 Magazine, L.L.C. v. Lloyds of London*, 08-727 (La. App. 5 Cir. 2/25/09), 10 So.3d 242, 243.

Upon *de novo* review, we conclude that the trial court did not err in its denial of SweetPea's exceptions of no cause of action and no right of action. Accepting all facts pleaded in the third party demand as true, we conclude MY SAL has stated a valid cause of action against SweetPea, and MY SAL has a valid legal interest in the subject matter of this litigation. We express no opinion as to the merits of the third party demand's claims at this time.

Accordingly, this writ application is denied.

Gretna, Louisiana, this 16th day of December, 2024.

**JGG**
**MEJ**
**SJW**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
STEPHEN J. WINDHORST
JOHN J. MOLAISON, JR.
SCOTT U. SCHLEGEL
TIMOTHY S. MARCEL

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
CHIEF DEPUTY CLERK

LINDA M. WISEMAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



**FIFTH CIRCUIT**

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF DISPOSITION CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE DISPOSITION IN THE FOREGOING MATTER HAS BEEN TRANSMITTED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 4-6** THIS DAY <u>12/16/2024</u> TO THE TRIAL JUDGE, THE TRIAL COURT CLERK OF COURT, AND AT LEAST ONE OF THE COUNSEL OF RECORD FOR EACH PARTY, AND TO EACH PARTY NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

**24-C-549**

### E-NOTIFIED

24th Judicial District Court (Clerk)
Honorable Donald A. Rowan, Jr. (DISTRICT JUDGE)
Hope E. Hughes (Respondent)
Frederic T. Le Clercq (Respondent)

Anne E. Medo (Respondent)
J. Michael Nash (Relator)
Patrick S. McGoey (Respondent)
Lauren E. Brisbi (Respondent)
Alex F. Granier (Relator)

### MAILED

Matthew J. Ungarino (Relator)
Wayne R. Maldonado (Relator)
Attorney at Law
3850 North Causeway Boulevard
Suite 1280
Metairie, LA 70002

Thomas A. Budetti (Relator)
Attorney at Law
600 Jefferson Street
Suite 515
Lafayette, LA 70501