# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## CA 14-931


**KERRY THIBODEAUX, M.D. (APMC)**

**VERSUS**

**AMERICAN LIFECARE, INC.**


\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
TWENTY-SEVENTH JUDICIAL DISTRICT COURT
PARISH OF ST. LANDRY, NO. 13-C-3212-C
HONORABLE ALONZO HARRIS, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

## BILLY HOWARD EZELL
## JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Sylvia R. Cooks, Billy Howard Ezell, and Phyllis M. Keaty, Judges.


**AFFIRMED.**

**John S. Bradford**
**William B. Monk**
**Stockwell, Sievert, Viccellio, Clements & Shaddock, L.L.P.**
**One Lakeshore Plaza, 4thy Floor**
**Lake Charles, LA 70601**
**(337) 436-9491**
**COUNSEL FOR PLAINTIFF/APPELLEE:**
     **Kerry Thibodeaux, M.D. (APMC)**

**Patrick C. Morrow**
**James P. Ryan**
**Morrow, Morrow, Ryan & Bassett**
**324 West Landry Street**
**Opelousas, LA 70570-5120**
**(337) 948-4483**
**COUNSEL FOR PLAINTIFF/APPELLEE:**
     **Kerry Thibodeaux, M.D. (APMC)**

**Errol J. King**
**Craig L. Caesar**
**John B. Davis**
**Andrew C. Kolb**
**M. Levy Leatherman**
**Baker, Donelson, Bearman, Caldwell & Berkowitz, P.C.**
**450 Laurel Street, 20th Floor**
**Baton Rouge, LA 70801**
**(225) 381-7000**
**COUNSEL FOR DEFENDANT/APPELLANT:**
     **American Lifecare, Inc.**

**Thomas A. Filo**
**Somer G. Brown**
**Cox, Cox, Filo, Camel & Wilson, L.L.C.**
**723 Broad Street**
**Lake Charles, LA 70601**
**(337) 436-6611**
**COUNSEL FOR PLAINTIFF/APPELLEE:**
     **Kerry Thibodeaux, M.D. (APMC)**

**Michael R. D. Adams**
**Winston G. Decuir, Jr.**
**Decuir, Clark & Adams, LLP**
**732 North Boulevard**
**Baton Rouge, LA 70802**
**(225) 346-8716**
**COUNSEL FOR DEFENDANT/APPELLANT:**
     **American Lifecare, Inc.**

**Stephen B. Murray**
**Stephen B. Murray, Jr.**
**Arthur M. Murray**
**Nicole A. Ieyoub-Murray**
**Murray Law Firm**
**650 Poydras St., Suite 2150**
**New Orleans, LA 70130**
**(504) 525-8100**
**COUNSEL FOR PLAINTIFF/APPELLEE:**
    **Kerry Thibodeaux, M.D. (APMC)**

**EZELL, Judge.**

Dr. Kerry Thibodeaux filed the current suit against American Lifecare, Inc. (hereinafter referred to as ALC) for statutory penalties under La.R.S 40:2203.1(G). Dr. Thibodeaux sought to have the suit certified for management as a class pursuant to La.Code Civ.P. art 591, et seq. ALC appeals the decision of the trial court below certifying a class in the matter. For the following reasons, we hereby affirm the decision of the trial court.

Dr. Thibodeaux filed his Class Action Petition for Damages and for Injunctive Relief on July 12, 2013, alleging that ALC breached its statutory duties pursuant to La.R.S 40:2203.1 when it did not properly notify health care providers in the State of Louisiana of discounts applied to medical bills by Private Healthcare Systems, Inc. (PHCS) pursuant to the ALC Preferred Provider Organization (PPO) Agreements as required by La.R.S 40:2203.1.[1] Dr. Thibodeaux sought statutory damages pursuant to La.R.S. 40:2203.1(G), which mandates that damages be awarded against a group purchaser that violates La.R.S. 40:2203.1(B). After a two-day trial on the matter of certification, the trial court ruled that all of the elements required for class certification had been met, ordered class certification, defined the class, appointed Dr. Thibodeaux as class representative, and ordered that Dr. Thibodeaux's counsel be appointed as class counsel. From that decision, ALC appeals.

ALC asserts four assignments of error on appeal. It first claims that the trial court erred in failing to perform a rigorous analysis of the facts before it, as evidenced by language in the written reasons for judgment being copied or similar to language from an earlier, separate case. ALC further alleges that the trial court

---

[1] PHCS acquired ALC in 2004, though the two entities remained separate companies.

erred in certifying the class where Dr. Thibodeaux allegedly failed to show violations of La.R.S 40:2203.1 could be proven without the production of faulty patient benefit cards; that the trial court erred in certifying the class where Dr. Thibodeaux was not an adequate or typical class representative; and that the trial court erred in certifying the class in the face of individual issues pertaining to differing PPO agreements with individual doctors, some of which contained arbitration and assignment clauses which could preclude inclusion in the class.

ALC's first assignment of error alleges that the trial court failed to perform a rigorous analysis of the facts and law in this case because language in the trial court's written reasons was similar to language in written reasons from a similar case. "Appeal is the exercise of the right of a party to have a *judgment* of a trial court revised, modified, set aside, or reversed by an appellate court." La.Code Civ.P. art. 2082 (emphasis added). " 'Appeals are taken from the judgment, not the written reasons for judgment.' " *Wooley v. Lucksinger,* 09-571, 09-584, 09-585, 09-586, p. 77 (La. 4/1/11), 61 So.3d 507, 572 (quoting *Greater New Orleans Expressway Comm'n v. Olivier*, 02-2795, p. 3 (La. 11/18/03), 860 So.2d 22, 24. "[W]ritten reasons are not binding or appealable; only the judgment itself has judicial effect and is subject to appeal." *Guidry v. Gulf Coast Coil Tubing,* 09-621, p. 13 (La.App. 3 Cir. 12/9/09), 24 So.3d 1019, 1027. "The written reasons for judgment are merely an explication of the Trial Court's determinations. They do not alter, amend, or affect the final judgment being appealed . . . ." *State in the Interest of Mason,* 356 So.2d 530, 532 (La.App. 1 Cir. 1977). As this assignment of error does not address the judgment itself, but rather takes issue with the trial court's written reasons for judgment, this assignment requires no action by this court.

2

ALC's next three assignments of error contain claims that the trial court erred in certifying a class in this suit. As noted in *Gunderson v. F.A. Richard & Associates, Inc.*, 07-331, pp. 8-9 (La.App. 3 Cir. 2/27/08), 977 So.2d 1128, 1136-37, *writs denied*, 08-1063, 08-1069, 08-1072 (La. 9/19/08), 992 So.2d 953 (alterations in original):

Louisiana Code of Civil Procedure Article 591 reads, in pertinent part:

A. One or more members of a class may sue or be sued as representative parties on behalf of all, only if:

(1)The class is so numerous that joinder of all members is impracticable.

(2) There are questions of law or fact common to the class.

(3) The claims or defenses of the representative parties are typical of the claims or defenses of the class.

(4) The representative parties will fairly and adequately protect the interests of the class.

(5) The class is or may be defined objectively in terms of ascertainable criteria, such that the court may determine the constituency of the class for purposes of the conclusiveness of any judgment that may be rendered in the case.

B. An action may be maintained as a class action only if all of the prerequisites of Paragraph A of this Article are satisfied, and in addition:

. . . .

(2) The party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole; or

(3) The court finds that the questions of law or fact common to members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the

3

fair and efficient adjudication of the controversy. The matters pertinent to these findings include:

      (a) The interest of the members of the class in individually controlling the prosecution or defense of separate actions;

      (b) The extent and nature of any litigation concerning the controversy already commenced by or against members of the class;

      (c) The desirability or undesirability of concentrating the litigation in the particular forum;

      (d) The difficulties likely to be encountered in the management of a class action;

      (e) The practical ability of individual class members to pursue their claims without class certification;

      (f) The extent to which the relief plausibly demanded on behalf of or against the class, including the vindication of such public policies or legal rights as may be implicated, justifies the costs and burdens of class litigation;

In order for class certification to be proper, "the burden is on the plaintiffs to establish that the statutory criteria for a class certification are met." *Duhe v. Texaco, Inc.,* 99-2002, p. 11 (La.App. 3 Cir 2/7/01), 779 So.2d 1070, 1078, *writ denied,* 01-637 (La.4/27/01), 791 So.2d 637; *see also Clark v. Trus Joist MacMillian,* 02-676, 02-512 (La.App. 3 Cir. 12/27/02), 836 So.2d 454, 459, *writ denied,* 03-275 (La.4/21/03), 841 So.2d 793 ("Plaintiffs must establish by preponderance of the evidence that each of the elements for class certification has been met."). However, "[t]he district court has wide discretion in deciding whether to certify a class and the decision will not be overturned absent a finding of manifest error or abuse of discretion." *Roberson v. Town of Pollock,* 05-332, p. 9 (La.App. 3 Cir. 11/9/05), 915 So.2d 426, 432, *writ denied,* 06-213 (La.4/24/06), 926 So.2d 550. Further, "[t]he court should err on the side of maintaining the class action since the judge may always modify or amend the class at any time prior to a decision on the merits." *Clark,* 836 So.2d at 459-60 (citing La.Code Civ.P. art. 592 A(3)(c) ). Thus, unless the trial court abused its wide discretion in certifying the class in the instant case, the class certification must stand.

" 'Implicit in this deferential standard is recognition of the essentially factual basis of the certification inquiry and of the district court's inherent power to

manage and control pending litigation.' " *Brooks v. Union Pacific R.R. Co.*, 08-2035, p. 11 (La. 5/22/09), 13 So.3d 546, 554 (*quoting Gene and Gene L.L.C. v. BioPay L.L.C.,* 541 F.3d 318, 325 (5th Cir. 2008)). Accordingly, this is the standard of review we must use in our analysis of ALC's next three assignments of error.

ALC first claims that the trial court erred in certifying the class when it alleges Dr. Thibodeaux failed to show any violations of La.R.S 40:2203.1, as no insurance benefit cards were produced as evidence of any violation. We disagree.

In making its decision, the trial court considered volumes of evidence and the testimony of several witness, both live and by deposition. While there was no actual patient benefit card produced directly showing that a discount was applied in the absence of the appropriate ALC logo, there was testimony before the trial court that provided an explanation as to why, i.e., such a card would never exist in the first place. Tonya Fisette and Debra Courville, both corporate representatives of ALC, testified that a PHCS payor client would never put the ALC logo on their cards because the contracts those payors had were with PHCS alone, not ALC. Ms. Fisette agreed that there would be no need to look for PHCS cards containing an ALC logo because they would never be expected to be seen.

Here, ALC is essentially demanding that Dr. Thibodeaux provide evidence that would not be expected to exist according to ALC's own corporate representatives. However, the trial court found that the testimony of Ms. Fisette and Ms. Courville established that PHCS clients would not use the ALC logo on their patient benefit cards, even while those payors took advantage of the unannounced ALC discount rates. Therefore, the trial court had a reasonable factual basis for its determination that violations of La.R.S 40:2203.1 existed and

5

could be proven. Accordingly, we cannot find manifest error, especially in light of the notion that "[t]he court should err on the side of maintaining the class action." *Clark,* 836 So.2d at 459.

ALC next claims that Dr. Thibodeaux was not an adequate or typical class representative because Opelousas General Hospital, where he performed much of his work, gathered most of the patient benefit cards from which the alleged violations of La.R.S 40:2203.1 arose, rather than Dr. Thibodeaux directly himself. ALC further claims that Dr. Thibodeaux cannot be typical of the class as he did not require patients to show benefit cards on every office visit, but rather, relied on patients to inform his office only when there was a change in coverage. We disagree.

> "The requirement of 'adequate representation' is satisfied when the claims of the class representatives are typical or a cross section of the claims of all of the members in the class." *Martello v. City of Ferriday,* 01-1240, p. 9 (La.App. 3 Cir. 3/6/02), 813 So.2d 467, 476, *writs denied,* 02-990, 02-1002, 02-1514 (La.6/7/02), 818 So.2d 770, *cert. denied, Town of Ferriday v. Martello,* 537 U.S. 1072, 123 S.Ct. 673, 154 L.Ed.2d 566 (2002).

> The test for determining the existence of adequate representation under La. C.C.P. art. 591(A)(4) consists of three elements: (1) the claims of the chosen class representatives cannot be antagonistic or conflict with those of other class members; (2) the chosen representatives must have a sufficient interest in the outcome to ensure vigorous advocacy; and (3) counsel for the chosen representatives must be competent, experienced, qualified, and generally able to conduct the litigation vigorously.

> *Boyd v. Allied Signal, Inc.,* 03-1840, p. 26 (La.App. 1 Cir. 12/30/04), 898 So.2d 450, 465, *writ denied,* 05-1919 (La.4/1/05), 897 So.2d 606.

*Williams v. SIF Consultants of Louisiana, Inc.,* 12-419, p. 8 (La.App. 3 Cir. 11/7/12), 103 So.3d 1172, 1179, *writ denied*, 12-2637 (La. 3/15/13), 109 So.3d 381.

6

For his claim to be typical of the class represented in this suit, Dr. Thibodeaux does not need to show that every physician's office in the state took in patient cards in the same manner or that his office directly took in the cards themselves. He need only show that ALC discounts were taken for his services by payor clients who did not have the proper ALC logo on their cards, which is the ultimate claim of this class action suit, and that the claim is typical of the represented class. Based on all of the evidence presented, the trial court determined that Dr. Thibodeaux would adequately represent the interests of the class because he would sufficiently represent the broad spectrum of Louisiana healthcare providers who would be class members. We can find nothing in the record before this court that shows the claims of Dr. Thibodeaux to be antagonistic to or in conflict with those of other class members because of the manner in which the allegedly insufficient cards were presented to him for billing. We can find no manifest error in the trial court's finding of adequacy and typicality .

Finally, ALC claims that the trial court erred in certifying the class when individual class members would have different contracts with ALC, some including assignment and arbitration provisions that could prevent some individual doctors from joining the class. However, this court dealt with similar provisions in *Gunderson*, 977 So.2d 1128. There, this court noted:

> the instant case involves a class definition that includes no limiting language regarding arbitration clauses . . . , yet the absence of such limitations in no way detracts from the effect of such clauses upon the rights of whichever claimants may have agreed to them, assuming that the clauses are in other respects valid. Within this context, the impact of allowing the class definition to remain in its current form is relatively innocuous. The defendants may still move to have claims which are subject to such clauses stayed pending arbitration or resolution in an alternate forum, leaving the class action proceedings to continue uninterrupted as to those claims not subject to such clauses. Thus, particularly in light of the great discretion afforded to

7

the trial court in making class certification decisions, we see no reason now to alter the class definition.

*Id*. at 1142-43.

We find this matter to be similar to *Gunderson* in that ALC can still assert the arbitration and assignment provisions as defenses against individual claims that may be subject to those terms, despite the class certification. Although potential claimants who had agreed to the contracts containing those provisions were included in the class definition, those provisions may nevertheless still be given full effect by the trial court in its inherent power to manage and control the pending litigation or to "modify or amend the class at any time prior to a decision on the merits." *Clark,* 836 So.2d at 459-60. The trial court found that the individual issues presented by these contract provisions were not insurmountable to class certification. We can find no manifest error in the trial court's determination.

For the above reasons, we find no manifest error in the trial court's factual findings and no abuse of its discretion in the certification of the class for this suit. The judgment of the trial court is hereby affirmed. Costs of this appeal are hereby assessed against ALC.

**AFFIRMED.**