DREMA CAMBRE AND SANDTRELL
BRODEN INDIVIDUALLY AND ON BEHALF
OF ALL OTHERS SIMILARLY SITUATED

VERSUS

RIVERLANDS HOME GROUP, L.L.C. D/B/A
CHATEAU ST. JAMES REHAB AND
RETIREMENT AND PRIORITY
MANAGEMENT GROUP, L.L.C.

NO. 24-C-218

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

ON APPLICATION FOR SUPERVISORY REVIEW FROM THE
TWENTY-THIRD JUDICIAL DISTRICT COURT
PARISH OF ST. JAMES, STATE OF LOUISIANA
NO. 40,840 C/W 40,841, DIVISION "D"
HONORABLE STEVEN C. TUREAU, JUDGE PRESIDING

August 07, 2024

**SUSAN M. CHEHARDY**
**CHIEF JUDGE**

Panel composed of Judges Susan M. Chehardy,
Fredericka Homberg Wicker, and Jude G. Gravois

**WRIT GRANTED, JUDGMENT REVERSED, EXCEPTIONS OF NO**
**RIGHT AND NO CAUSE OF ACTION SUSTAINED, EXCEPTION OF**
**IMPROPER CUMULATION DEEMED MOOT, JUDGMENT**
**GRANTING DISCOVERY VACATED AS MOOT, CASE DISMISSED**
**WITH PREJUDICE**
    **SMC**
    **FHW**
    **JGG**

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Jalisa Walker
Deputy, Clerk of Court

COUNSEL FOR PLAINTIFF/RESPONDENT,
DREMA CAMBRE AND SANDTRELL BRODEN
 Matthew M. Coman
 Jordan M. Jeansonne
 Stephen M. Huber
 Christopher T. Whelen

COUNSEL FOR DEFENDANT/RELATOR,
RIVERLANDS HOME GROUP, L.L.C. D/B/A CHATEAU ST. JAMES REHAB
AND RETIREMENT AND PRIORITY MANAGEMENT GROUP, L.L.C.
 Jimmy R. Faircloth, Jr.
 Barbara B. Melton
 Mary K. Price
 Ronald E. Raney

**CHEHARDY, C.J.**

Relators/Defendants, Riverlands Home Group, L.L.C. d/b/a Chateau St. James Rehab & Retirement and Priority Management Group, L.L.C. (collectively "Chateau"), seek supervisory review of the trial court's April 1, 2024 judgment (1) overruling its peremptory exception of no right of action as to the request of respondents/plaintiffs, Drema Cambre and Sandtrell Broden, individually and on behalf of all others similarly situated (collectively "plaintiffs"), for injunctive relief pursuant to La. C.C.P. art. 3601, thereby allowing plaintiffs to maintain an action for attorney's fees and costs; (2) overruling its peremptory exceptions of no cause of action as to plaintiffs' claim for monetary damages pursuant to La. C.C. arts. 2315, 1953, and 1958, and for civil contempt fines, arising from Chateau's alleged fraudulent misrepresentations to plaintiffs upon or before their decedent's admission to Chateau; and (3) overruling its exception of improper cumulation of actions (*i.e.*, allowing a summary proceeding (civil contempt) to be cumulated with this ordinary proceeding). Chateau also seeks supervisory review of a separate April 1, 2024 judgment granting plaintiffs' motion to compel discovery, ordering Chateau to release the names of putative class members (nursing home residents) prior to class certification, which Chateau claims would subject them to the Health Insurance Portability and Accountability Act ('HIPPA") violations.

For the following reasons, we grant Chateau's writ application, reverse the trial court's April 1, 2024 judgment, sustain Chateau's peremptory exceptions of no right of action and no cause of action, dismissing plaintiffs' claims against it, with prejudice, and overrule Chateau's dilatory exception of improper cumulation of actions as moot by our ruling on the exception of no right of action. Further, we reverse the trial court's April 1, 2024 judgment, ordering Chateau to produce discovery and present for a La. C.C.P. art. 1442 deposition, as moot.

24-C-218                                1

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Chateau St. James is a skilled nursing facility located in Lutcher, Louisiana. Plaintiff, Drema Cambre, is the surviving child of Grace St. Pierre, and plaintiff, Sandtrell Broden, is the surviving child of Russell Alexander, both *former* Chateau residents.[1] On April 25, 2022, plaintiffs, individually, and on behalf of all others similarly situated, filed their original class action petition ("Class petition") on behalf of Grace St. Pierre and Russell Alexander,[2] respectively, seeking monetary damages pursuant to La. C.C. art. 2315, caused by Chateau's breach of its duty to provide accurate information to its residents during the admissions process, for fraudulently misrepresenting to residents that it would meet its statutory obligations, and for intentionally misrepresenting the quality and nature of the services to be provided to its residents. Plaintiffs also prayed for injunctive relief pursuant to the Nursing Home Residents' Bill of Rights ("NHRBR"), La. R.S. 40:2010.8,[3] including a claim for fines and statutory attorney's fees, requiring Chateau to provide adequate funding to ensure sufficient staffing so as to meet the needs of all residents in adherence with the NHRBR and other state and federal regulations. Plaintiffs filed a motion to certify the class action, which remains pending.

Chateau brought exceptions of no cause of action of action, *lis pendens*, prematurity, and lack of procedural capacity as to plaintiffs' original petition,

---

[1] The record indicates that Grace St. Pierre and Russell Alexander were discharged from Chateau (or died) prior to the filing of the present lawsuit and, therefore, are not residents as defined by the NHRBR.

[2] Separately, plaintiffs and other survivors of the decedents filed petitions for personal injuries ("Personal Injury Petitions") and medical malpractice complaints with the Louisiana Division of Administration pursuant to La. R.S. 40:1231.8 ("Malpractice Complaints").

[3] According to La. R.S. 40:2010.8, any violation of the residents' rights set forth in La. R.S. 40:2010.6, *et seq.*, shall constitute grounds for appropriate action by the Louisiana Department of Health and residents shall have a private right of action to enforce these rights as set forth in La. R.S. 40:2010.9. Pursuant to La. R.S. 40:2010.9, an individual claim for civil enforcement "may be brought by the resident or his curator, including a curator ad hoc." La. R.S. 40:2010.1(6) defines resident as any person who is a resident or client of a facility.

which were overruled in their entirety by the trial court. On June 27, 2023, this Court granted writs, in part, in favor of Chateau, finding that plaintiffs' decedents, and any other former residents of Chateau, do not have a right of action for injunctive relief under the NHRBR. *Cambre v. Riverlands Home Grp., L.L.C.*, 23-271 (La. App. 5 Cir. 6/27/23), 2023 WL 4195827 (unpublished writ disposition). As to Chateau's remaining exceptions, "[i]n all other respects, on the showing made," including Chateau's exception of no cause of action under La. C.C. art. 2315, this Court determined that the writ application should be denied. Additionally, this Court allowed plaintiffs the opportunity to amend their petition. *Id*. Defendants did not seek the Supreme Court's review.

In response to this Court's ruling, plaintiffs filed a First Amended Class Action petition for damages and injunctive relief, revising their claim for monetary damages pursuant to La. C.C. art. 2315 for delictual fraud, and including claims under La. C.C. arts. 1953 and 1958 for contractual fraud (claiming the NHRBR creates an implied obligation to Chateau's admission agreements) caused by (1) Chateau's fraudulent misrepresentations made to plaintiffs' decedents, and others similarly situated, upon or before their admission, as to the services and care Chateau would provide, and (2) Chateau's failure to comply with mandatory state and federal regulations that obligate defendants to provide sufficient staffing of licensed nurses and nurse's aides to the residents, which Chateau allegedly committed at any time within the ten years prior to the inception of this action. Plaintiffs also replaced their claim for injunctive relief under the NHRBR with a claim for a mandatory injunction pursuant to La. C.C.P. art. 3601, requiring Chateau to comply with the NHRBR's obligation to provide adequate staffing and to maintain actual nursing hours of 4.49 nursing hours per resident per day at Chateau. Lastly, plaintiffs asserted a cause of action for civil contempt fines (anticipatory) for a refusal to comply with an injunction entered by the trial court.

Specifically, in their amended petition, plaintiffs alleged that Chateau fraudulently misrepresented to plaintiffs that, as residents, they would receive adequate health care, or staffing, consistent with the mandatory requirements of the NHRBR and other state and federal regulations. Plaintiffs alleged that Chateau's actions violated the residents' right to live in a nursing home which provided "sufficient" nursing service personnel, meeting the needs of each resident as mandated by law, giving rise to an action for negligent or fraudulent misrepresentation under La. C.C. arts. 2315 and 1953. *See*, *e.g.*, La. Admin. Code tit. 48 §§ I-9821(A) and I-9283(A)[4] and 42 CFR § 483.35.[5] Plaintiffs alleged that Chateau's "intentional underfunding" and "understaffing" of its skilled-nursing facility resulted in increased profits for Chateau *in lieu* of ensuring the facility was sufficiently funded with adequate resources and staffing to meet its residents' specific needs as mandated by law. Plaintiffs sought monetary damages calculated by the value of services that Chateau was obligated—but intentionally and fraudulently failed—to provide.

In response to plaintiffs' first amended petition, Chateau filed a peremptory exception of no right of action arguing that plaintiffs' claim for injunctive relief pursuant to La. C.C. art. 3601 must be denied because plaintiffs' decedents are no longer residents of Chateau and plaintiffs do not have a personal claim for injunctive relief, thus, there is no irreparable harm to enjoin. Additionally, Chateau filed peremptory exceptions of no cause of action as to plaintiffs' claims

---

[4]    Plaintiffs maintain that La. Admin Code tit. 48 §§ I-9821(A) and I-9283(A) require that Chateau maintain staffing at levels sufficient to meet the needs of its residents, even if that required staffing level is more than the bare minimum numeric ratio of 2.35 hours of care per patient per day required by Section 9823(A)(1). Citing federal case law, plaintiffs further maintain that Louisiana courts have held that the staffing requirements under Section 9823(A)(1) are "minimum standards" only and do not equate to providing "sufficient" nursing staff meeting residents' needs as contemplated and required by relevant state and federal staffing requirements.

[5]    42 CFR § 483.5 requires that a nursing home "have sufficient nursing staff to provide nursing and related services to attain or maintain the highest practicable physical, mental, and psychosocial well-being of each resident, as determined by resident assessments and individual plans of care and considering the number, acuity and diagnoses of the facility's resident population in accordance with the facility assessment required at § 483.70(e)."

for monetary damages under La. C.C. arts. 2315, 1953, and 1958, alleging plaintiffs failed to allege facts sufficient to support all elements of their claims for delictual and contractual fraud, and a dilatory exception of improper cumulation of actions, claiming that plaintiff's claim for civil contempt damages based on an anticipated violation of an injunction is a summary proceeding improperly cumulated in this ordinary proceeding. According to Chateau, plaintiffs have no cause of action for contempt fines based on the anticipatory violation of an injunction that does not (and cannot) exist in this case.

Plaintiffs filed a motion to compel discovery propounded to Chateau directed to class certification issues as authorized by La. C.C.P. art. 592(A)(3)(a)(ii). Plaintiffs also filed a motion to compel the La. C.C.P. 1442 deposition of Chateau seeking to discover information and documentation specifically limited to class certification issues. Chateau objected to plaintiffs' discovery and moved for a protective order.

Chateau's peremptory and dilatory exceptions, and plaintiffs' motion to compel discovery, came for hearing on March 11, 2024. Thereafter, on April 1, 2024, the trial judge issued judgment, with written reasons, overruling each of Chateau's exceptions. In a separate April 1, 2024 judgment, with written reasons, the trial judge granted plaintiffs' motion to compel, ordering Chateau to provide sufficient responses to the discovery requests propounded by plaintiffs within twenty days of the order. Additionally, the trial court granted plaintiffs' motion to compel the La. C.C.P. art. 1442 deposition of Chateau.

This timely writ application filed by Chateau followed.

## DISCUSSION

### *Exception of No Right of Action*

The exception of no right of action is a peremptory exception, the function of which is to have an action declared legally nonexistent or barred by law and

tends to dismiss or defeat the action. La. C.C.P. arts. 923 and 927. An exception of no right of action assumes that the petition states a valid cause of action and tests whether the plaintiff has the capacity or legal interest in judicially enforcing the right asserted. *Kreb, Lasalle, Lemieux Consulatants, Inc. v. G.E.C., Inc.*, 16-24 (La. App. 5 Cir. 7/27/16), 197 So.3d 829, 831; *328 Mag., L.L.C. v. Lloyds of London*, 08-727 (La. App. 5 Cir. 2/25/09), 10 So.3d 242, 243, citing La. C.C.P. art. 927(A)(5). A party has an actionable right, and consequently standing, if it can be said that the party has a legally protectable and tangible stake in the litigation. *I E C I, LLC v. S. Cent. Plan. & Dev. Comm'n, Inc.*, 21-382 (La. App. 5 Cir. 2/23/22), 336 So.3d 601, 609.

Whether a plaintiff has a right of action is a question of law subject to *de novo* review. *Wallace C. Drennan, Inc. v. Kerner*, 21-664 (La. App. 5 Cir. 8/17/22), 348 So.3d 194, 199. The defendant raising the exception has the burden of proving the exception. *City of New Orleans v. Board of Directors of Louisiana State Museum*, 98-1170 (La. 3/2/99), 739 So.2d 748, 755. Evidence is admissible in support of the exception of no right of action. La. C.C.P. art. 931.

A party seeking an injunction must have standing to sue, or more comprehensively, the action presents a justiciable controversy. *Howard v. Administrators of Tulane Educational Fund*, 07-2224 (La. 7/1/08), 986 So.2d 47, 54; *Terrebonne Parish Police Jury v. Matherne*, 405 So.2d 314, 318 (La. 1981). To have standing, the plaintiff must assert an adequate interest in himself, which the law recognizes, against a defendant having a substantial adverse interest. *Howard*, 986 So.2d at 54. An action can only be brought by a person having a real and actual interest, which he asserts. *Babineaux v. Pernie-Bailey Drilling Co.*, 261 La. 1080, 1096-98, 262 So.2d 328, 334 (1972); La. C.C.P. art. 681. The Louisiana Supreme Court has defined a justiciable controversy as follows:

> A "justiciable controversy" connotes an existing actual and substantial dispute, as distinguished from one that is merely hypothetical or abstract, and a dispute which involves the legal relations of the parties who have a real adverse interest, and upon which the judgment of the court may effectively operate through a decree of conclusive character. [Citations omitted.]

When the facts alleged in the petition provide a remedy under the law to someone, but the plaintiff who seeks the relief is not the person in whose favor the law extends the remedy, the proper objection is no right of action, or want of interest in the plaintiff to institute the suit. *Howard*, 986 So.2d at 59. If the pleadings fail to disclose a right of action, the claim may be dismissed without evidence, but the plaintiff should be permitted to amend to state a right of action *if he or she can do so*. *Id*.

Here, plaintiffs allege they have the right to sue for injunctive relief, individually, as survivors of former residents of Chateau, and on behalf of others similarly situated (*i.e.*, former and current Chateau residents). Notably, the named plaintiffs have not alleged a personal relationship with Chateau other than that their respective parents were *former* residents at the facility. The right to enforce the state and federal mandatory staffing requirements in a nursing home under the NHRBR is afforded to the current residents of the facility. *See Cambre*, *supra*; *Knight v. Jefferson Healthcare Center, L.L.C.*, 21-736 (La. App. 5 Cir. 2/10/22) (unpublished writ disposition); *Heinrich v. Maison De'Ville Nursing Home of Harvey, LLC*, 21-240 (La. App. 5 Cir. 6/20/21) (unpublished writ disposition).

The original and amended petitions of plaintiffs, who are survivors of *former* residents of Chateau, fail to disclose a right of action or want of interest in the plaintiffs to institute this suit seeking injunctive relief pursuant to La. C.C.P. art. 3601. Absent any current or ongoing connection or dealings with Chateau, the plaintiffs do not have a real and actual interest in a suit against Chateau for injunctive relief. Because plaintiffs' respective parents are no longer residents at

Chateau, we conclude that, as a matter of law, plaintiffs lack standing to pursue a claim for injunctive relief as alleged pursuant to La. C.C.P. art. 3601.

We also note that the law provides that an injunction is a harsh, drastic, and extraordinary remedy, and it should only be issued where the mover is threatened with irreparable loss or injury without an adequate remedy at law. *5216 Operations, LLC v. Department of Revenue, Office of Alcohol and Tobacco Control*, 21-520 (La. App. 5 Cir. 4/6/22), 339 So.3d 48, 52. "Irreparable injury" means that money damages cannot adequately compensate for the injuries suffered and that the injuries cannot be measured by pecuniary standards. *Bernhard MCC, LLC v. Zeringue*, 18-533 (La. App. 5 Cir. 2/27/19), 266 So.3d 537, 541. However, the requisite showing of irreparable harm is dispensed with in cases where the conduct sought to be restrained is unlawful, as when the conduct sought to be enjoined constitutes a direct violation of a prohibitory law. *See Jurisich v. Jenkins*, 99-76 (La. 10/19/99), 749 So.2d 597, 599. A plaintiff is entitled to the exception to the irreparable harm requirement when the injunction sought is prohibitory, not mandatory. *Saer v. New Orleans Regional Physician Hosp. Organization*, 14-856 (La. App. 5 Cir. 3/25/15), 169 So.3d 617, 620.

In the instant case, plaintiffs contend that because Chateau has violated the mandatory requirements of the NHRBR, and because they are seeking to restrain conduct, *i.e.*, Chateau's failure to hire sufficient staff to meet the needs of residents in violation of state and federal law, they are not required to show irreparable harm in order to pursue injunctive relief herein. We disagree. Application of the jurisprudential rule allowing a plaintiff to circumvent the irreparable harm requirement requires that a plaintiff show, not only that the conduct sought to be enjoined violates a prohibitory law, but that "the injunction seeks to restrain conduct, not order it," and "that he is entitled to the relief sought." *5216 Operations, LLC*, 330 So.3d at 53. Here, despite plaintiffs' contention that they

seek an injunction to restrain conduct by Chateau, reviewing the allegations of their petition, it is clear that plaintiffs seek an injunction to mandate that Chateau comply with state and federal staffing requirements, not to restrain Chateau from conduct. Moreover, once plaintiffs' decedents were no longer residents at Chateau, no justiciable controversy existed and, consequently, as a matter of law, they ceased to have standing to pursue a suit for injunctive relief against the skilled-nursing facility. In other words, plaintiffs, on behalf of their deceased parents, no longer had a real and actual interest in seeking to enjoin or force Chateau to comply with the mandatory state and federal staffing requirements and, thus, were not "entitled to the relief sought."

Following this Court's *de novo* review, we conclude that plaintiffs, individually, or on behalf of others similarly situated, have no right of action to injunctive relief against Chateau pursuant to La. C.C.P. art. 3601. Because no class has been certified, and plaintiffs herein have no claim in their own right to pursue injunctive relief, they cannot pursue claims as representatives of a putative class. *See Brantley v. City of Gretna*, 21-574 (La. App. 5 Cir. 8/5/22), 347 So.3d 1147, 1157, *writ denied*, 22-1345 (La. 12/20/22), 352 So.3d 86, *writ denied*, 22-1413 (La. 12/20/22, 352 So.3d 87. The law requires that a class representative have a personal claim at the time of certification. *Id.*; *see also Sosna v. Iowa*, 419 U.S. 393, 402, 95 S.Ct. 553, 559, 42 L.Ed.2d 532 (1975). We further conclude that no amendment to plaintiffs' petition could establish a right on their own behalf, or on behalf of others, to injunctive relief. For these reasons, we find the trial court erred in overruling Chateau's exception of no right of action.

### *Exception of No Cause of Action*

The exception of no cause of action tests the legal sufficiency of the petition by determining whether the law affords a remedy against the defendant to anyone under the factual allegations of the petition. *Everything on Wheels Subaru, Inc. v.*

*Subaru South, Inc.,* 616 So.2d 1234, 1235 (La. 1993). No evidence may be introduced to support or controvert the objection that the petition fails to state a cause of action. La. C.C.P. art. 931. If the petition alleges sufficient facts to establish a case cognizable in law, an exception of no cause of action must fail. *Allied Chemical Corp. v. Iberville Parish Police Jury*, 426 So.2d 1336, 1338 (La. 1983). The exception is triable on the face of the petition, and for the purpose of determining the issues raised by the exception, the well-pleaded facts in the petition must be accepted as true, and all inferences drawn in favor of the non-moving party. *Fink v. Bryant,* 01-987 (La. 11/28/01), 801 So.2d 346, 349; *City of New Orleans v. Bd. of Comm'rs of Orleans Levee Dist.*, 93-690 (La. 7/5/94), 640 So.2d 237, 253. Simply stated, a petition should not be dismissed for failure to state a cause of action unless it appears beyond doubt that the plaintiff can prove no set of facts in support of any claim which would entitle him to relief. *Fink*, 801 So.3d at 349.

In reviewing a trial court's ruling overruling an exception of no cause of action, the appellate court should review the case *de novo* because the exception raises a question of law and the lower court's decision is based only on the sufficiency of the petition and a determination as to whether the plaintiff is legally entitled to the relief sought. *Id.* The pertinent inquiry is whether, in the light most favorable to the plaintiff, and with every doubt resolved in the plaintiff's favor, the petition states any valid cause of action for relief. *I E C I, LLC v. South Central Planning and Development Commission, Inc*., 21-382 (La. App. 5 Cir. 2/23/22), 336 So.3d 601, 611. To defeat an exception of no cause of action, the petition on its face must contain allegations, which, if proven, state a cause of action.

### 1. Civil Contempt Fines

Plaintiffs seek the "imposition of fines associated with any violations of the permanent injunction sought." According to plaintiffs, in their amended petition,

pursuant to La. C.C.P. art. 3601(D), they pray for an injunction to prevent Chateau from further violations of mandatory staffing requirements and to require Chateau to maintain a nursing staff that meets the needs of its residents consistent with those requirements. As a component of the injunctive relief sought, plaintiff request the imposition of a fine for any violations of the permanent injunction, should one be ordered. *See* La. C.C.P. art. 3605.

As this Court has already determined that plaintiffs have no right of action to seek injunctive relief pursuant to La. C.C.P. art. 3601, we likewise find that plaintiffs have no cause of action for the imposition of fines resulting from any anticipatory violations of such an injunction in the future. The trial court erred in concluding otherwise.

### 2. Delictual Fraudulent Misrepresentation Pursuant to La. C.C. art. 2315

In this case, plaintiffs' petition sets forth a claim for pecuniary damages, as opposed to personal injury damages, incidental to the intentional or fraudulent misrepresentations by Chateau to its current and former residents regarding a duty imposed by the NHRBR and other federal regulations upon Chateau to deliver care. Plaintiffs' claim for pecuniary damages center on Chateau's alleged failure to provide adequate staffing to all current and former residents as promised under the NHRBR, and in doing so, wrongfully diverted residents' payments to profits rather than services. Plaintiffs seek an award of damages for all current and former residents calculated by the value of the services that were not provided and the profits Chateau gained.

Plaintiffs contend that this Court in *Cambre*, 2023 WL 4195827, at *1, has already denied review of the trial court's overruling of Chateau's original exception of no cause of action based on delictual fraud and that, consequently, we should likewise deny review of plaintiffs' amended and "restated fraud

allegations" contained in their amended petition. We disagree. It is well-settled that the denial of a writ application has no precedential value, and does not bar reconsideration of the same issue in a re-urged motion or exception. *Guilbeaux v. Lupo Enterprises, L.L.C.*, 21-53 (La. App. 4 Cir. 5/19/21), 321 So.3d 447, 453.

In Louisiana, negligent misrepresentation cases are evaluated using the duty-risk analysis. *Daye v. General Motors Corp.*, 97-1653 (La. 9/9/98), 720 So.2d 654, 659. Specifically, a plaintiff must show: (1) the defendant had a duty to conform his conduct to a specific standard of care; (2) the defendant failed to conform his conduct to the appropriate standard; (3) the defendant's substandard conduct was a cause-in-fact of the plaintiff's injuries; (4) the substandard conduct was a legal cause of the plaintiff's injuries; and (5) actual damages. In order for liability to attach, a plaintiff must be able to prove every element of the duty-risk analysis. *Wiltz v. Brothers Petroleum, L.L.C.*, 13-332 (La. App. 5 Cir. 4/23/14), 140 So.3d 758, 766, *writs denied*, 14-1252 (La. 10/10/14), 151 So.3d 581, and 14-1298 (La. 10/10/14), 151 So.3d 583.

Here, plaintiffs allege that Chateau owed a duty to its residents to ensure adequate staffing and funding in order to provide sufficient nursing services to meet the needs of the residents; that Chateau breached the duties by chronically understaffing its facility, contrary to their promise to adhere to the NHRBR, which promise Chateau knew was false when made;[6] that Chateau's breach was a cause-in-fact of damages sustained by plaintiffs, in their being deprived of services that they paid and were promised to receive, resulting in personal pecuniary losses; that under the NHRBR and/or regulations, Chateau was responsible for making staffing and budgeting decisions, and thus, their dereliction of duties was the legal cause of plaintiffs' harm because they were within the scope of persons the NHRBR and

---

[6] Plaintiffs specifically allege, in part, that "Each of the residents, including Grace St. Pierre, Russell Alexander, and others similarly situated ... paid, or had paid on their behalf, monies to [Chateau] anticipating this promised compliance with [the NHRBR]."

applicable regulations were designed to protect; and that they suffered "actual pecuniary damages" as a result of Chateau's fraudulent misrepresentations, measured by the loss of services not rendered and the profits gained by Chateau by not providing those services.

According to Chateau, plaintiffs' tort claims under La. C.C. art. 2315, although touted to be based on both NHRBR and other state and federal regulations, are actually rooted solely in the NHRBR. However, the NHRBR no longer allows for the recovery of damages when that duty—*i.e.,* to provide certain information to residents regarding its services and to assure that residents receive such services—is breached; the exclusive remedy is injunctive relief. *See Heinrich v. Maison De'Ville Nursing Home of Harvey, LLC*, 21-240 (La. App. 5 Cir. 6/30/21) (unpublished writ disposition); *Knight v. Jefferson Healthcare Center*, 21-736 (La. App. 5 Cir. 2/10/22). Chateau argues that if the NHRBR does not allow for the recovery of damages directly—which is firmly established—it cannot provide a source for the recovery of damages indirectly through La. C.C. art. 2315.

The issue here is whether the scope of the duty Chateau owed includes a claim for damages based on the value of services promised but not delivered. We conclude that it does not. While we agree with plaintiffs that Louisiana law recognizes that La. C.C. art. 2315 can serve as the basis for a cause of action for fraud, we find that plaintiffs' petition, as amended, fails to state such a cause of action, because it does not include the elements required for a cause of action based on fraud under Article 2315. In particular, we find that plaintiffs cannot rely on the NHRBR to establish the duty element for a claim to damages under La. C.C. art. 2315, because the scope of the duty established by the legislature does not encompass the recovery of damages based on the value of services promised but not delivered. Moreover, even if the NHRBR, or other state or federal regulations,

allowed for damages caused by Chateau's failure to comply with its statutory duty to provide sufficient nursing staff to meet the needs of its residents, under Article 2315, plaintiffs must allege sufficient facts to support an award for damages, an essential element of a claim for fraudulent misrepresentation.

Here, a *de novo* review of plaintiffs' petition, as amended, shows that plaintiffs do not set forth sufficient facts to support a claim for damages, based on a percentage of the cost of services *not* provided by Chateau to every former and current resident across the board. Notably, plaintiffs do not allege that Grace St. Pierre, Russell Alexander, and/or any former or current resident, suffered *actual* harm attached to *actual* payments made and *actual* services that were not provided. It is axiomatic that without actual damages, there can be no cause of action, for without it, there is nothing for the law to repair. *See Bourgeois v. A.P. Green Industries, Inc.*, 97-3188 (La. 7/8/98), 716 So.2d 355, 357-358 (citations omitted).

Plaintiffs' failure to allege that they suffered actual harm resulting in actual damages as a result of Chateau's alleged fraudulent misrepresentations is fatal to their claim. In short, the allegations set forth in plaintiffs' petition, as amended, fail to state a cause of action for damages pursuant to La. C.C. art. 2315; the trial court erred in failing to sustain Chateau's exception.

### 3. Contractual Fraud and Recovery of Fees Pursuant to La. C.C. arts. 1953 and 1958, respectively

Plaintiffs' amended petition asserts new claims of contractual fraud pursuant to La. C.C. arts. 1953, including fees under La. C.C. art. 1958. Louisiana law recognizes causes of action for contractual fraud by alleging fraud in the formation of a contract. *Stutts v. Melton*, 13-557 (La. 10/15/13), 130 So.3d 808, 813-815. The essential elements of "intentional" or "fraudulent misrepresentation" in the formation of a contract are (1) misrepresentation of a material fact, (2) made with the intent to deceive, (3) causing justifiable reliance with *resulting injury*.

[Emphasis added.] *See McGaha v. Franklin Homes, Inc.*, 21-244 (La. App. 4 Cir. 2/4/22), 335 So.3d 842, 865.

Here, in their amended petition, plaintiffs allege that Chateau committed fraud in the formation of a contract, *i.e.*, in the admission agreement, due to its "misrepresentation, suppression, or omission of true information to [plaintiffs]; [Chateau's] intent to deceive or obtain an unjust advantage over [plaintiffs], knowing [plaintiffs] would be relying upon [Chateau's] misrepresentations in becoming a resident of the facility; and [plaintiffs'] justifiable reliance with resulting pecuniary harm[,]" measured by the loss of services not rendered and the profits gained by Chateau by not providing those services.

For the reason that we found plaintiffs' petition, as amended, failed to state a cause of action for intentional misrepresentation pursuant to La. C.C. art. 2315— *i.e.,* that plaintiffs failed to set forth sufficient facts to support a claim for pecuniary damages—we find that plaintiffs' petition, as amended, fails to state a cause of action under La. C.C. arts. 1953 contractual fraud, because plaintiffs have failed to set forth sufficient facts to support a finding of actual pecuniary harm, an essential element of a claim for fraud in the formation of a contract.

After *de novo* review, for the foregoing reasons, we find that plaintiffs have no right of action against Chateau to seek injunctive relief pursuant to La. C.C.P. art. 3601, and that plaintiffs have failed to state a cause of action against Chateau for civil contempt damages or for damages pursuant to La. C.C. arts. 2315, 1953 or 1958. We further find that because plaintiffs' claims will not improve with time or amendment, we dispense with allowing plaintiffs further opportunity to amend their petition.

Accordingly, we grant Chateau's application for supervisory writs, reverse the trial court's April 1, 2024 judgment, and sustain Chateau's (1) exception of no right of action for injunctive relief under La. C.C. art. 3601, (2) exception of no

cause of action for civil contempt fines, (3) exception of no cause of action for delictual fraud pursuant to La. C.C. art. 2315, and (4) exception of no cause of action for contractual fraud and the recovery of fees pursuant to La. C.C. arts. 1953 and 1958, respectively, thereby dismissing plaintiffs' claims against Chateau with prejudice. Because of our grant of Chateau's foregoing exceptions, Chateau's writ application as it pertains to the trial court's April 1, 2024 judgment overruling Chateau's exception of improper cumulation of actions is moot, and as it pertains to the trial court's separate April 1, 2024 judgment granting plaintiffs' motion to compel discovery and La. C.C.P. art. 1442 deposition, Chateau's exception is also moot; and the judgment granting plaintiffs' motion to compel discovery is vacated.

**WRIT GRANTED, JUDGMENT REVERSED, EXCEPTIONS OF NO RIGHT AND NO CAUSE OF ACTION SUSTAINED, EXCEPTION OF IMPROPER CUMULATION DEEMED MOOT, JUDGMENT GRANTING DISCOVERY VACATED AS MOOT, CASE DISMISSED WITH PREJUDICE**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
STEPHEN J. WINDHORST
JOHN J. MOLAISON, JR.
SCOTT U. SCHLEGEL
TIMOTHY S. MARCEL

JUDGES



**FIFTH CIRCUIT**

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
CHIEF DEPUTY CLERK

LINDA M. WISEMAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY **AUGUST 7, 2024** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

## 24-C-218

### E-NOTIFIED
23RD JUDICIAL DISTRICT COURT (CLERK)
HONORABLE STEVEN C. TUREAU (DISTRICT JUDGE)
CHRISTOPHER T. WHELEN (RESPONDENT)       JORDAN M. JEANSONNE (RESPONDENT)       STEPHEN M. HUBER (RESPONDENT)
BARBARA B. MELTON (RELATOR)              JIMMY R. FAIRCLOTH, JR. (RELATOR)      MARY K. PRICE (RELATOR)

### MAILED
MATTHEW M. COMAN (RESPONDENT)       RONALD E. RANEY (RELATOR)
ATTORNEY AT LAW                      ATTORNEY AT LAW
400 POYDRAS STREET                   8670 BOX ROAD
SUITE 2045                           BUILDING A
NEW ORLEANS, LA 70130                SHREVEPORT, LA 71106